# FORM FOR USE IN APPLICATIONS
## FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

RECEIVED

EVESTER THARP

Name                                   2007 FEB 27  A 9: 35

196360

Prison Number

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

William E. Donaldson CC, 100 Warrior Lane, Bessemer, Ala. 35023

Place of Confinement

United States District Court _____ Middle _____ District of _Alabama_

Case No. _____ 1:07 cv 172 - WKW _____
(To be supplied by Clerk of U. S. District Court)

_____ EVESTER THARP _____ , PETITIONER
(Full Name)   (Include name under which you were convicted)

_____ KENNETH JONES _____ , RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF _____ ALABAMA _____

_____ Troy King _____ , ADDITIONAL RESPONDENT.

    (if petitioner is attacking a judgement which imposed a sentence to be
served in the <u>future</u>, petitioner must fill in the name of the state where the
judgment was entered.  If petitioner has a sentence to be served in the <u>future</u>
under a federal judgment which he wishes to attack, he should file a motion
under 28 U.S.C. §2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
## STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the
petitioner under penalty of perjury.  Any false statement of a material fact
may serve as the basis for prosecution and conviction for perjury. All
questions must be answered concisely in the proper space on the form.

N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is</u>:

P.O. Box 711
Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**\*If you are proceeding <u>in forma</u> <u>pauperis</u>, only the original petition needs to be filed with the Court.**

PETITION

1. Name and location of court which entered the judgment of conviction under attack __Houston County Circuit Court,_____

2. Date of judgment of conviction ___Oct. 19, 2001_____

3. Length of sentence __LWOP_____ Sentencing Judge x_____

4. Nature of offense or offenses for which you were convicted: _____
   ~~Capital Murder, 2 Counts Robbery Murder and Burglary Murder.~~
   _____

5. What was your plea?  (check one)
   (a) Not guilty  (X )
   (b) Guilty      (  )
   (c) Nolo contendere  (  )
   If you entered a guilty plea to one count or indictment, and a not guilty
   plea to another count or indictment, give details: _____
   _____
   _____
   _____

6. Kind of trial:     (Check one)
   (a) Jury  ( X )
   (b) Judge only  (  )

7. Did you testify at the trial?  Yes  (  )     No  (X )

8. Did you appeal from the judgment of conviction?     Yes  (X )     No  (  )

9. If you did appeal, answer the following:
   (a) Name of court ~~Alabama Court of Criminal Appeals~~
   (b) Result ~~Affirmed~~
   (c) Date of result ~~Aug. 22, 2003~~
   If you filed a second appeal or filed a petition for certeorari in the Supreme
   Court, give details: _____
   _____
   _____
   _____

10. Other than a direct appeal from the judgment of conviction and sentence,
    have you previously filed any petitions, applications, or motions with respect
    to this judgment in any court, state or federal?     Yes  (X )     No  (  )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court ~~Houston County Circuit Court~~
        (2) Nature of proceeding ~~Rule 32 Petition~~
        _____

        (3) Grounds raised ~~Denial of Effective assistance of Trial and~~
        ~~Appellate Counsel.~~
        _____
        _____
        _____
        _____

        (4) Did you receive an evidentiary hearing on your petition, application
            or motion?  Yes  ( X )     No  (  )
        (5) Result ~~Denied~~
        (6) Date of result ~~20 day of May, 2005.~~

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____ N/A _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )    No ( )

(5) Result _____ N/A _____

(6) Date of result _____

(c) As to any third petition, application or motion, give the same information:

(1) Name of Court _____ N/A _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )    No ( )

(5) Result _____

(6) Date of result _____

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:

(1) First petition, etc.           Yes ( x )    No ( )

(2) Second petition, etc.        Yes ( )     No ( )

(3) Third petition, etc.         Yes ( )     No ( )

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully.  Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

    CAUTION:  In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief.  If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them.  However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose.  Do not check any of the grounds listed below.  The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A.  Ground one: ~~The Trial Court of Houston County Denied Petitioner~~
    ~~the Protection of the 6th Amend. fair trial/due process 14th Amend.~~
    Supporting FACTS   (tell your story briefly without citing cases or law):
     When it allowed the District Attorney and Trial Counsel to enter
    ~~into stipulation that another individual was the trigger man in~~
    ~~the offense. The Trial Court even went further to encourage the~~
    ~~District Attorney to proceed with such stipulation when the Dis~~

     trict Attorney preceived that the State would be in a dis-advan-
    ~~tageous position; such releived the State of the burden of proff~~

     and did not allow for the jury to fully determine guilt or inno-
     cence of the Petitioner.




B.  Ground two: Denial of Effective Assistance of Trial Counsel.

    Supporting FACTS   (tell your story briefly without citing cases or law):
     Trial Counsel entered into stipulation that co-defendant
     was trigger man, was detromental to the Petitioner's case
     which allowed the jury to reach the conclusion of guilt or inno-
     cence implying the Petitioner participated in thecrime yet
     was not the trigger man. It releived the State of the fundamen
     tal duty of carrying it's burden of proff according to Alabama
     Law in which you can not find a person an accomplice unless you
    ~~prove the principle crime occurrred! The Trial Counsel thus as-~~
    ~~sisted the State in the conviction of the Petitioner by stipu-~~
     lating the essential element, which indicia was that the
     Petitioner was in fact involved yet not the trigger man.
     Such went against the Petitioner's defense that he had no
     knowledge of the Capital Murder Offense nor did he participate
     in the said offense. Trial Counsel breached a critical..(con.attached
                                                                pages)
C.  Ground three: ~~Denial of Effective Assistance of Appellate Coun~~
    ~~sel.~~
    Supporting FACTS   (tell your story briefly without citing cases or law):
    ~~Appellate Counsel failed to pursue the Appellant's/Petitioner's~~
    ~~claim to the highest court in the State of Alabama to review~~
    ~~the lower court's decision on the mis-application of Federal~~
     Law where i.e. a primary and material fact was assumed by the
     Alabama Court of Criminal Appeals in upholding the jury verdict
     as to the challenge to the sufficiency of the evidence; the
     Alabama Criminal Court of Appeals infers that the jury could
     have assumed that Petitioner provided the murder weapon to the

     trigger man-without anything to support such conclusion as a
     permissible inference, in stating: **"Here, the jury could conclude**
     **from the State's evidence that the gun used to kill the victim**
     **was trnsported throughout the night by the appellant."**

D. Ground four: __The Trial court of Houston County Denied Petitioner a fair trial/due process/equal protection under the 6th/14th Amend.__
Supporting FACTS  (tell your story briefly without citing cases or law): The Trial Court allowed the jury verdict to stand where the only evidence that connected the Petitioner to the offense is the association with the aka trigger man, there was no evidence that the jury could permissibly conclude that Petitioner com- mited the offense or was the trigger man and the trial court should have granted the judgment of acquital.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

   Appellate Counsel did not present the mis-application of Federal Law to the Alabama Supreme Court as to the sufficiency of the evidence test of Jackson v. Virginia, I had no control over the Appellate Counsel to fore-go this claim in state court.

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?    Yes  ( )  No  (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing Matthew C. Lamere
       106 North Lena street, Suite 2, Dothan, Ala. 36303
   (b) At arraignment and plea _____same

   (c) At trial _____same

   (d) At sentencing _____same

   (e) On appeal Charles D. Decker
       P.O. Box 5541, Dothan, Ala. 36302

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____
_____
_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( ✓ )   No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )   No ( ✓ )

(a) If so, give name and location of court which imposed sentence to be served in the future: _____ N/A _____
_____

(b) And give date and length of sentence to be served in the future: _N/A_

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( )   No ( )  N/A

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on ____2/23/07_____.
(date)

_Evester Tharp_____
Signature of Petitioner

continuation of B. Ground two, Supporting Facts:

.....factor in his defense of Petitioner in stipulation of an
essential element of the offense of Capital Murder as charged
in the indictment which prevented the jury from review of the
facts of the commission of the offense and how the entire offense
was committed which allegedly encluded Petitioner.

The previous conviction of the trigger man as alleged by
the State and facts used in such conviction of the alleged trig-
ger man was unrecogncilable with witness on the stand whom alle-
gation was that Petitioner killed victim because she looked
at him; the trial counsel error of stipulation excluded this
evidence to be tested under the adversarial process to which
the jury could have concluded the witness testimony was not
true, and the stipulation encouraged by the court deprived the
jury of the ability to reach the same conclusion previously
reached that the crime was similar to a crime the alleged trigger
man committed that needed no assistance of a PARTNER etc. or
accomplice; having the same markings!

GROUND FIVE:  The trial Court denied the Petitioner his right
to a fair trial under the 6th Amendment U.S. Const.

SUPPORTING FACTS:  Houston County selection process of only
selecting citizen to serve on the petit jury from those whom
possess drivers license or non-drivers identification card;
exclude persons whom may permissibly serve on jury whom are
citizen simply because they don't have such documents virtured
on social reasons of poverty or etc. from consideration for
service.


attached page number.............1.

Forster Tharp
AIS# 196360 D-01-A
100 Warrior Lane
Bessemer, Ala. 35023

Legal Mail

Clerk United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Ala. 36101-0711

Legal Mail