IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

EVESTER THARP, AIS # 196360,    )
    )
    )
      Petitioner,    )
    )
VS.    )      CIVIL ACTION NO.
    )      1:07-CV-172-WKW (WO)
    )
KENNETH JONES, et al.,    )
    )
      Respondents.    )

**ANSWER**

I.

**Facts and Proceedings in State Courts**

1.  On October 19, 2001, Evester Tharp ("Tharp") was convicted of the capital murder of Mary Spivey.  [See **Respondents' Exhibit 1**, the record on appeal from Tharp's direct appeal in <u>Tharp v. State</u>, CR 01-1234 mem. op. (Ala. Crim. App. Aug. 22, 2003), at C. 10; R. 1372-1373]  Tharp was sentenced to serve a term of life imprisonment without the possibility of parole.  [C. 598-606; R. 1631]

2.  On direct appeal, Tharp raised the following claims:

    1) whether the State's evidence was sufficient;

2) whether the trial court erred in denying a request for change of venue;

3) whether his (Tharp's) Sixth Amendment right to a fair trial was denied by the composition of his jury; and,

4) whether he (Tharp) was denied a fail trial by virtue of the fact that an inculpatory statement from him may have been taken in violation of his rights.

[See **Respondents' Exhibits 2, 3, and 4**] On August 22, 2003, the Alabama Court of Criminal Appeals affirmed Tharp's conviction. [See **Respondents' Exhibit 4**] Tharp filed for rehearing in the Alabama Court of Criminal Appeals, and certiorari in the Alabama Supreme Court. A *Certificate of Judgment* was issued on November 21, 2003. [See **Respondents' Exhibit 5**]

3. On June 22, 2004, Tharp filed a petition for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, raising the following claims:

1) that his (Tharp's) **appellate counsel** was ineffective for failing to seek rehearing and certiorari in the Alabama appellant courts on the issue of the sufficiency of the State's circumstantial evidence;

2) that his (Tharp's) **appellate counsel** was ineffective for failing to consult with him prior to choosing what issues on which to appeal;

3) that his (Tharp's) **trial counsel** was ineffective for failing to object to the trial court's instruction on accomplice liability; and,

2

4) that his (Tharp's) **trial counsel** was ineffective for failing to object to a stipulation entered into by the parties.

[See **Respondents' Exhibit 6**, the record on appeal from the denial of Tharp's Rule 32 petition in Tharp v. State, CR 04-1990 mem. op. (Ala. Crim. App. May 26, 2006), at C. 4-59; 67-85] On June 26, 2006, the Alabama Court of Criminal Appeals affirmed the denial of Tharp's Rule 32 petition. [See **Respondents' Exhibit 9**] Tharp filed for rehearing in the Alabama Court of Criminal Appeals, and certiorari in the Alabama Supreme Court. A *Certificate of Judgment* was issued on December 8, 2006. [See **Respondents' Exhibit 10**]

## II.

### Petitioner Tharp's present claims

4. In his *Petition For Writ Of Habeas Corpus*, Tharp raises the following claims:

a) that the State's evidence was insufficient;

b) that his (Tharp's) trial was rendered fundamentally unfair when the trial court allowed the State to stipulate, with Tharp, to that fact that Tharp's accomplice, Shaber Wimberly, was the "trigger man" in the murder of Mary Spivey;

c) that his (Tharp's) **trial counsel** was ineffective for failing to object to the stipulation entered into by the parties; and,

3

d) that his (Tharp's) **appellate counsel** was ineffective for failing to seek rehearing and certiorari in the Alabama appellant courts on the issue of the sufficiency of the State's circumstantial evidence.

See Tharp's *Petition For Writ of Habeas Corpus*, at p. 6-7.

III.

**Respondents' defenses**

5. Respondents deny that the State's evidence was insufficient to convict Tharp.

6. Respondents deny that Tharp's trial was rendered fundamentally unfair by virtue of the stipulation to the identity of the trigger man in the case.

7. Respondents deny that Tharp's trial counsel was ineffective for failing to object to the stipulation entered into by the parties.

8. Respondents deny that Tharp's appellate counsel was ineffective for failing to seek rehearing and certiorari in the Alabama appellant courts on the issue of the sufficiency of the State's evidence.

9. Respondents deny that Tharp has exhausted in state court the claim set out hereinabove in *paragraph 4 b)*. Furthermore, it would be futile now for Tharp to attempt to exhaust this claim in state court because, among other reasons, of the fact that the one-year statute of limitations of Rule 32.2(c) of the <u>Alabama Rules of Criminal Procedure</u> has now run. Because it would be futile for Tharp to seek

further state court relief on this claim, for state court purposes the claim is procedurally defaulted. Because the claim is procedurally defaulted in state court, Tharp is prohibited from raising it now in federal habeas corpus without a showing of "cause and prejudice" for her having failed to properly pursue the issues in state court. See Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).

10. Because it is procedurally defaulted, the claim set out hereinabove in *paragraph 4 b)* is, however, considered exhausted for federal habeas corpus purposes. *See* Kennedy v. Hopper, 156 F. 3d 1143, 1145 (11th Cir. 1998).

11. Respondents admit that Tharp has also exhausted the claims set out hereinabove in *paragraphs 4 a)*, *4 c)*, and *4 d)*.

12. Respondents aver that Tharp has failed to state a cause of action cognizable under 28 U. S. C. Section 2254.

13. Respondents deny each and every other material allegation in the petition, except those that may be admitted.

IV.

**Exhibits**

14. The following exhibits are filed[1] herewith:

| | |
|---|---|
| Exhibit 1 | the multi-volume record on direct appeal in <u>Tharp v. State</u>, CR 01-1234 mem. op.(Ala. Crim. App. Aug. 22, 2003); |
| Exhibit 2 | the brief filed by Tharp in his direct appeal. |
| Exhibit 3 | the brief filed by the State in Tharp's direct appeal; |
| Exhibit 4 | the Alabama Court of Criminal Appeals's memorandum opinion in <u>Tharp v. State</u>, CR 01-1234 mem. op. (Ala. Crim. App. Aug. 22, 2003); |
| Exhibit 5 | the *Certificate of Judgment* in CR 01-1234; |
| Exhibit 6 | the record on appeal from the denial of Tharp's Rule 32 petition in <u>Tharp v. State</u>, CR 04-1990 mem. op.(Ala. Crim. App. May 26, 2006); |
| Exhibit 7 | the brief filed by Tharp in the appeal of his Rule 32 petition; |
| Exhibit 8 | the brief filed by the State in the appeal of Tharp's Rule 32 petition; |
| Exhibit 9 | the Alabama Court of Criminal Appeals's memorandum opinion in <u>Tharp v. State</u>, CR 04-1990 mem. op. (Ala. Crim. App. May 26, 2006); and, |
| Exhibit 10 | the *Certificate of Judgment* in CR 04-1990. |

---

[1] Exhibits will be forwarded under separate cover.

## V.

### Respondents' arguments

In support of their defenses, Respondents submit the following arguments:

### A.

### *PROCEDURAL DEFAULT*

**STIPULATION ISSUE**

14.  Procedural default rules apply to claims that are not seasonably raised in the state courts, either at trial, on direct appeal, or in state collateral proceedings. Wainwright v. Sykes, 433 U. S. 72 (1977); Murray v. Carrier, 477 U. S. 478 (1986); and Presnell v. Kemp, 835 F. 2d 1567 (11th Cir. 1988).  When a procedural default bars litigation of a federal constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief on the basis of a claim unless he first establishes "cause and prejudice." Wainwright v. Sykes, 433 U.S. at 74; and Murray v. Carrier, 477 U.S. at 482.

15.  Because he failed to raise it in his direct appeal, Tharp's claim, as set out hereinabove in *paragraph 4 b)*, is procedurally defaulted.  This Court is obligated to dispose of on procedural grounds claims like the ones raised here by Tharp, where and whenever possible.  See Jones v. White, 992 F. 2d 1548, 1565-1566 (11th Cir. 1993).

16.  Unless she is able to establish "cause" and "actual prejudice" for his failure to properly pursue his claim through the state court, this Court should not

now consider the merits of Tharp's procedurally defaulted claim. See Harris v. Reed, 489 U. S. 255, 258, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989); Coleman v. Thompson, 501 U. S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Respondents do not believe Tharp will be able to make this showing.

<div align="center">B.</div>

<div align="center">*MERITS*</div>

<div align="center">28 U. S. C. Section 2254(D)(1) Standard Of Review</div>

17.  The claims set out previously in *numbered paragraphs 4 a),4 c), and 4 d)* can all be fairly said to be either federal law claims, or claims of state law that have federal law claims interwoven in them. *See* Coleman v. Thompson, 501 U. S. 722, 733, 111 S. Ct. 2546, 115 L. Ed 2d 640 (1991) ("(W)hen a state court decision fairly appears to rest primarily on federal law, or to be interwoven with federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion, we will accept as the most reasonable explanation that the state court decided the case the way it did because it believed that federal law required it to do so." Under 28 U. S. C. Section 2254(d)(1), a federal court may review such claims in habeas corpus only if the decision on them by the state court was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* Isaacs v. Head, 300 F. 3d 1232, 1252 (11th Cir. 2002).

**SUFFICIENCY OF EVIDENCE ISSUE**

18.   Tharp's jury found him guilty under an accomplice liability theory. In Johnson v. Alabama, 256 F. 3d 1156, 1172 (11th Cir. 2001), the Eleventh Circuit U. S. Court of Appeals held that, where the record reflects facts that support conflicting inferences in an accomplice liability case, there is a presumption that the state jury correctly resolved those conflicts in favor of the prosecution and against the defendant.

19.   In other words, Johnson holds that federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence. Id.   Because the state trial court applied the proper review to Tharp's sufficiency claim, the state court's determination is entitled to a presumption of correctness under 28 U. S. C. Section 2254(d)(1).

**INEFFECTIVE ASSISTANCE OF COUNSEL ISSUE**

18.   The United States Supreme Court's decision in Strickland v. Washington, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), is the controlling legal authority to be applied to an ineffective assistance of counsel. Robinson v. Moore, 300 F. 3d 1320, 1343 (11th Cir. 2002).   To prevail on a claim of ineffective assistance of counsel under Strickland, a petitioner must show both "incompetence" and "prejudice".   Chandler v. United States, 218 F. 3d 1305, 1312 (11th Cir. 2000) (*en banc* ), *cert. denied,* 531 U. S. 1204, 121 S. Ct. 1217, 149 L.

Ed. 2d 129 (2001). Whether a criminal defendant has received the effective assistance is a mixed question of law and fact, and is subject to de novo review. *See* Bolender v. Singletary, 16 F. 3d 1547, 1558 at n. 12 (11th Cir. 1994).

## a. RE: failure to object to stipulation

19. In Ex parte Hill, 591 So. 2d 462, 463 (Ala. 1991), the Supreme Court of Alabama held that a judge who presided over a trial, or other proceeding, and who observed the conduct of the attorneys at those proceedings, need not hold a hearing on the effectiveness of the attorneys involved in the proceedings, based upon the conduct that he or she observed. Here, the state trial court observed, in its Order denying Tharp's Rule 32 petition, that --

> "Petitioner alleges that trial counsel was ineffective in that the attorney failed to object to a joint stipulation of the fact that co-defendant Wimberly fired the murder weapon instead of petitioner Tharp. This allegation of ineffectiveness is preposterous. This Court tried both capital cases. The Petitioner in the present case was sentenced to life in prison. The co-defendant Wimberly was sentenced to death. Having actually presided over the trial, this Court is of the opinion that this joint stipulation was instrumental in the jury's recommendation of life without parole, and the Court's sentence".

[See **Respondents' Exhibit 9**]

10

**b. <u>RE: failure to seek rehearing and certiorari review</u>**

20.  Lastly, Tharp contends his appellate counsel was ineffective when he sought rehearing in the Alabama Court of Criminal Appeals, as well as certiorari in the Alabama Supreme Court, on grounds that did *not* include his contention that the state's evidence was insufficient to support his conviction. In order for Tharp's appellate counsel to have been ineffective in a constitutional sense, it would have been necessary for Tharp to have suffered prejudice by his attorney's decision not to seek certiorari on the sufficiency of the State's evidence.

21.  For the reasons stated in the preceding argument, however, the State's evidence was sufficient to support Tharp's conviction under an accomplice liability theory.  Because it was, Tharp cannot show how he was prejudiced by his appellate counsel's failure to attack the sufficiency of the evidence on appeal.  Because Tharp was not prejudice, appellate counsel was not ineffective.

WHEREFORE, PREMISES CONSIDERED, this Court should deny the petition and the relief requested herein by Tharp.

<div style="margin-left:40%">

Respectfully submitted,

TROY KING, KIN047
*Attorney General*
By:


/s/ Stephen N. Dodd
STEPHEN N. DODD, ASB-6492-D65S
*Assistant Attorney General*

</div>

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:   Evester Tharp, AIS #196360, 100 Warrior Lane, Bessemer, AL  35023-7299.

**s/ Stephen N. Dodd**
STEPHEN N. DODD, ASB-6492-D65S)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL  36130
Telephone: 334-242-7378
Fax:          334-242-2848
E-mail:      sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

261668/105727-001