IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN-DIVISION

Evester Tharp AIS# 196360

        Petitioner,

Vs.                                   Civil Action No.
                                      1:07-CV-172-WKW(WO)

Kenneth Jones, et, al.,

        Respondents

### TRAVERSE TO RESPONDENTS ANSWER

Comes now the Petitioner, in the above-style cause and file "Traverse To Respondents Answer", and state as follows:

1. The respondents answer at "5". page 4" is herein disputed "the only evidence to uphold the conviction is testimony that associates petitioner with a previously convicted perpetrator of alleged offense.

Under Alabama Law the evidence adduced to convict Tharp should have failed where testimony only established friendship with previously convicted trigger-man (see Trial Transcript R-1154). "The evidence presented in the instant case does no more than to create a strong suspicion of guilt, while failing to produce independant facts which tend to connect the appellant with the commission of the offense. McCoy, supra. Sorrell V.State 249 Ala.292, 31 So.2d 82 (1947)." Mills V. State, 408 So.2d 187, at 192 (1981).

This issue went to the Alabama Court of Criminal Appeals in which they stated "Dawsey took the gun wrapped it in a towel a burried it at the end of the street. The gun was retrieved, tested, and determined to be the murder weapon." "Here, the jury could conclude from the State's evidence that the gun used to kill the victim was transported through out the night by appellant." [1]

There is nothing in the record before the trial court that would support this conclusion, which the Alabama Criminal Court of Appeals used to affirm the insufficiency of the evidence claim.

The weapon that the State witness attested to at trial was never related to the alleged murder weapon; nor any evidence that Tharp ever possessed such weapon: See Trial Transcript R.1031 Pruit's Testimony!

Alabama Law prohibits a man being convicted on "mere possibility, suspicion or guesswork, no matter how strong, will not overturn the presumption of innocence." Ex parte Lucas, 792 So.2d 1169 at 1173(Nov.2000). Federal Law speaks to the issue of the type of circumstantial evidence use to convict Tharp, "but a verdict may not rest on mere suspicion, speculation or conjecture, or on an overly attenuated piling of inference on inference. "United States V. Jackson, 2007 U.S. App. LEXIS 4859 (March 2,2007), and "where the government's case is based on circumstantial evidence, reasonable inferences, and not mere speculation, must support the jury's verdict." United States V. Light, 2007 U.S. App LEXIS 4535 (11th Cir.2007).

There is nothing adducible from the facts except people surrounding "Wimberly" were questioned and in a criminal prosecution and Tharp just happened to be in association with "Wimberly", on the day of the event. See Trial Transcript R.1154. Because Tharp may have been the friend of Wimberly does not establishes the necessary "intent" to commit murder under 13A-6-2, Ala.Code 1975 or the necessary facts that establish

---

Note 1

Petitioner has not received any documents respondents refer to in their answer, that will be submitted under different.„"

2.

plan, motive, and opportunity prior to the offense or the facts after alleged offense that Tharp had a participation that made him culpable of that offense, simply because after the offense he helped "Wimberly remove a automobile out of a ditch or bursted a cash register, that was property retrieved from the store by "Wimberly." The State of Alabama failed yto adduce facts that Tharp was an accomplice to the offense of 13A-5-40(a)(4) Ala.Code.1975

2. The respondents answer at "6. page 4" is herein disputed Petitioner was guaranteed a fair trial where the jury would be the ultimate finders of guilt and innocence, under the precepts of 6th Amendment U.S. Constitution. Such acts stripped petitioner of his cloak of innocence within the initial aspect of the trial. Such stipulation relieved the state of it's burden to establish the offense of capital murder occurred according to 13A-5-40(a)(4) Ala.Code 1975 and that he was an accomplice of such offense.

It creates an impermissble inference from such stipulation that "Tharp" was not the "trigger man", yet participated in the alleged crime.

It infested the trial with doubts and supposition as to "Tharps" innocence totally of the offense and weighed against his actual innocence defense, which "Tharp" herein invokes in response to respondents claims that this issue is also procedurally defaulted at "9. page 4" of their answer. House V. Bell, 165 L.Ed 2d 1, 547 U.S. (2006). This error probably resulted in the conviction of an innocent man!

Where the trial courts coereive behavior threatened the adversarial nature of the proceedings where the jury makes the finding of guilt or innocence. "Answer, in cases where an error necessarily renders a criminal trial fundamentally unfair or an unreliable vehicle for determing guilt or innocence, the error is structural and thus requires automatic reversal." Washington V. Arturo R. Recuenco, 548 U.S. 126 S.Ct ____ 165 LEd 2d 466 (2006). Petitioner argues that there is a problem

3.

in Alabama with District Attorney's trying multiple defendants with facts or testimony in which they alleged "triggerman" is a conflict, yet the stipulation of an "innocent" man to irrelevant facts made irrelevant only due to nature of charge accomplice unducely prejudice defendant and lower the States burden of proof: the matter of accomplice was for the jury to decide after presenting the evidence of the capital murder case and not stream lining the case. There is no such charge as [accomplice] in "Tharps" indictment because "accomplice" is not a charge under Ala.Law and only establishes criminal liability for the acts of another; and furthermore nothing in such proceeding at trial adduced such. It was for the jury to decide unaided by a stipulation that cause an impermissble inference that "Tharp" took a minor role in the offense yet was guilty! Likewise one is not tried in Alabama as a trigger man-they are tried for capital murder.For the court to stream line this trial was exactly what Washington, supra herein could consider a structural error, in 6th Amendment guarantee of a fair trial.

    3. The respondents answer at "7. page 4" ia herein disputed; Petitioner's counsel aborted the defense that Petitioner was "actual innocent" of the offense in stipulating the "trigger-man" which in essence led the jury to believe or receive the infereice that Petitioner formed the "inteit" of the offense. Yet was not the party whom shot the victim. Such could/did allow for jurors to receive an impermissible inference from the stipluation as to participation in the offense yet not the main party.

    Trial counsel impermibily aborted the defense and strategy decision that would support the fact that Petitioner was not the shorter and the crime was similar to the crime "trigger-man" previously committed and was convicted and sentenc: The trial transcript at R-

4.

"You will see, ladies and Gentlemen the evidence will show that we expect Mrs.Spivey was killed.But,after you see all the eivdence,we are confident it will be clear to you that the same person that killed the Kings in Midland City is the one that killed Mrs. Spivey. And it was done without the participation without the aiding or abetting,without the complicity of Sweetie Tharp.That is what you are going to hear and that is going to be your conclusion after a fair hearing of all of the evidence."

[R-796]

Attorney Smith
R-809" That is fine " to the courts resolution the evidence would be excluded? Moreover, counsel speaking for client could in no way stipulate against his clients interest. How could Tharp participate in a stipulation as to anyone killing Mrs.Spivey [the victim] when his defense was that he took no part in the offense?

Counsel was aware that in Alabama evidentiary rulings were reversable see. Ex parte Brackiell,883 So.2d 728,(Ala.2003). reversed on other grounds than the one specifically argued by Petitioner. The evidence of "Dale County" capital murder conviction was contradictory of the present cause; where-as the trigger-man in that offense was the trigger-man in this offense and crimes of similar marking; was attested and tried as being committed without an accomplice.' The lawyer was aware that this evidence existed that supported Petitioner's defense that he was not a participant. Counsel argued it in his opening argument,the trial court made it a condition of the stipulation before the State,that such evidence would be excluded.See Trial Transcript.792-798, and counsel's a argument with this was against interest of the client.

Trial counsel subsequently relieved the State of their burden to prove each essential element of the offense of capital murder against the interest of client.

"Burden is on State to offer sufficient evidence to prove each element of charged offense." Mullins V. City of Dothan, 724 So.2d 83 (Ala.Crim.App.1998).

5.

Counsel made the client's interest subordinate to the interest of the DA & Trial court. When he entered stipulations; this error of application of law is evident in the trial court's response to such allegations where it deemed the Petitioner receive a favor in stipulating away his innocence:

> "Petitioner alleges that trial counsel was ineffective in that the attorney failed to object to a joint stipulation of the fact that co-defendant Wimberly fired the murder weapon instead of petitioner Tharp. This allegation of ineffectiveness is preposterous. This Court tried both capital cases. The Petitioner in the present case was sentenced to life in prison. The co-defendant Wimberly was sentenced to death. Having actually presided over the trial, this Court is of the opinion that this joint stipulation was instrumental in the jury's recommendation of life without parole, and the Court's sentence."

Alabama Courts mis-applied <u>Strickland V. Washington</u>, 466 U.S. 668 (1984), to the facts of Petitioner's case; in failure to promote your clients defense is never to be waged against expedience in a reduced sentence of life without parole rather than death. The information that was excluded as a result of the stipulation impeach the witness credibility and thus excluded and left but one inference against the petitioner's interest and defense and place him at the scene of the offense. See <u>Bucklon V. Crosby, Jr</u>, 2006 U.S. Dist. LEXIS 76085 (Oct 19, 2006).

6.

4. The respondent's answer " .page 4" is herein disputed; Petitioner's counsel aborted the defense that Petitioner was "actual innocent" of the offense in stipulating the "trigger-man" which in essense led the jury to believe or receive the inference that Petitioner formed the "intent" of the case was suppose to be appealed to the Ala.Supreme Court according to O'Sullivan V. Boerckel, (1999) 526 U.S. 838, 144 L.Ed 2d 1, 119 S Ct 1778. Whereas according to applicable law the Supreme Court have considered the application of Ex parte Leigh Ann Lucas, 792 So.2d 1175 to the underlining facts; according to Leigh, supra.the Ala.Supreme Court in application of Jackson V. Virginia, ___US_____would have reached a different result.

5. The respondent's answer "9 page 4" Tharp alleges and disputes respondents answer. "Tharps" claim is not procedural defaulted and bears on the allegation of "actual innocence of the offense, where the trial court's coercive behavior threated the adversarial nature of the proceedings where the jury makes the finding of guilt; where trial court knew there was evidence that would have impeached the State's position that the crime could not have occurred by a single person, the existence of the "trigger-man" prior capital murder conviction that could have been introduce under habit,routine, and motive! Alabama Rules of Evidence 404, and 406.

This was a capital murder Charge under 13A-5-40(a)(4), Ala.Code of 1975, and the state had aleeady convicted "Wimberly" of capital murder. The State themselves labeled "Wimberly" the "trigger-man" in the offense and the trial court's ruling and coercive conduct caused for exculpatory evidence never to enter the jury box, yet allowed for witness to take the stand and allege "Tharp" shot the man." The court disallowed evidence by its ruling that "Wimberly" commited the offense alone.

7.

In Alabama life without parole is not considered a less of sentence and is looked upon as being the same as death. Under Alabama Law 13A-5-40(a)(4), Ala.Code 1975, Petitioner was accused of capital murder as an accomplice; Did not the Petitioner have the right to bring forth evidence that the person the State alleges was the "trigger-man" committed or it was his routine practice to commit crimes of similar markings alone. Nothing place Tharp at the scene of the crime except. "Pruits" unreliable testimony that conflict with a material fact that "Wimberly" was tried and convicted as the "trigger-man" see Trial Transcript R.1031

Petitioner is "actually innocent" as argued in para.2. Herein. Petitioner furthermore, argues that he should have been allowed to adduce facts that would have given the jury different view of the facts, and that could vindicate him from the alleged charge.

1. Petitioner herein disputes that the State of Alabama has not shown in the State Courts nor in their answer that they do not have a system empaneled that applied to petitioner inhibited his 6th Amendment rights as guaranteed by U.S.Constitution in being tried by a "cross section of the community." Poverty is a reality in Alabama and Petitioner was an impoverish African American Man. The U.S. Const., in the exclusion of citizen of poverty denied him a jury of his peers; that may relate to his actions or inactions under certain circumstances. Although in Alabama drivers license have been used as a criteria for selections- yet the manner did not support the objective and goes further to criminalize impoverished people in Alabama whom are not necessarily law breakers simply because they are not the elite and afluent of our society. Whereas the State has not shown that people in poverty are excluded from jury service in Alabama.

There is a underlying cost requirement to participate in the jury process livied on citizens or they want participate- to purchase drivers license or non-drivers identification is an indirect cost attachment to the consideration of jury duty. Boddie V. Connecticut S. 401 U.S. 371, 300, 78 L.ED.2d 113, 91 S.Ct 780 (1971). Speaks to the spirit that procedures on their face may not offend the constitution yet in their application

8.

that affects fundamental participation in the court proceedings may very well offend constitutional norms. Does Alabama practice offends those notions of justice in having a system that excludes persons whom earm less than $10,000- $15,000 dollars per-year, or the impoverish level in America. This issue has never been resolved by the State that was raised on Petitioner's direct appeal, to which the State of Alabama never provided the Petitioner to marshall the facts that that Alabama system of consideration for jury duty in it's selection process impermissibly excludes impoverished citizens of Alabama. House-V.-Bell, 165 L.Ed 2d 1, 547 U.S. ____ (2006)., set a standard that the federal court can hold evidentiary claims especially when the State does not oppose. In the State's response it never excluded the premises of evidentiary hearing in the federal court on this issue and rest on a practice in Alabama as to jury selection; in which in "Tharp" particular circumstances it never referred to facts that impoverished people where not systematically excluded from jury selection. Petitioner argues that he should be granted such opportunity to adduce facts to support his claim in an evidentiary hearing.

In that in the event impoverished citizen are systematically excluded from jury service in Alabama by the selction process they employ would violate the 6th and 14th Amendment to the U.S. Const.

Therefore with premises considered the Petitioner here-in "Traverse" the Respondents Answer, and State that the State Courts of Alabama rulings represent an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

*Evester J Tharp*
Evester Tharp     Pro'se

9.

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing "Traverse", upon the Atty-General, Troy King, by placing the same in the Institutional Internal Mail system postage prepaid and properly addressed this 23th day of May, 2007

 

*Evester Tharp*
Evester Tharp   /Pr'se
\# 196360   D-01
100 Warrior Lane
Bessemer, Al 35023

10.

Evester Tharp
# 196360  D-01
100 Warrior Lane
Bessemer, Al 35023

To: Hon. Debra P. Hackett, Clerk
United States Courthouse
15 Lee St.,
Moitgomery, Al 36104

